Chief Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOREASA JOSEPH MISIPATI,<br><br>　　　　　　　　Defendant. | NO. MJ19-460<br><br>**COMPLAINT for VIOLATION**<br><br>Title 18, United States Code, Section 922(g)(1) |

BEFORE, The Honorable Brian A. Tsuchida, United States Chief Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

**COUNT 1**
**(Felon in Possession of a Firearm)**

On or about April 24, 2019, in the city of Auburn, Muckleshoot Indian Reservation, within the Western District of Washington, the Defendant, LOREASA JOSEPH MISIPATI, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year, to wit:

- Unlawful Possession of a Firearm First Degree, Superior Court of Washington for King County, cause number 15-1-05022-9 KNT, dated December 18, 2015;

COMPLAINT/MISIPATI - 1
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Attempting to Elude a Pursuing Police Vehicle, Superior Court of Washington for King County, cause number 15-1-05022-9 KNT, dated December 18, 2015;
- Unlawful Possession of a Firearm First Degree, Superior Court of Washington for King County, cause number 15-1-03715-0 KNT, dated December 18, 2015;

did knowingly possess in and affecting interstate and foreign commerce, the following firearms: a Sturm, Ruger & Co. .40 caliber pistol, model SR40; Bryco Arms .22 caliber pistol, model J22; Forjas Taurus S.A. .45 caliber pistol, model PT 945 Deluxe; and two Autauga MKII, .32 caliber pistols; all of which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## AFFIANT'S BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), and have been employed with the FBI since September 17, 2017. I am currently assigned to the violent crime/organized crime squad in the Seattle, Washington office. As an FBI Special Agent, I have investigated a variety of narcotics and firearm related crimes, including cases involving possession and distribution of narcotics, illegal trafficking of firearms, and unlawful possession of firearms and ammunition.

2. During my FBI career, I have been involved in narcotics and felon in possession of firearms and ammunition arrests and search warrants in drug trafficking, organized crime, and trafficking of stolen property cases. I have authored affidavits in support of federal warrant applications, participated in executing state and federal warrants, and have interviewed drug and firearms traffickers and informants with knowledge of drug and firearms trafficking. I have also served as a case agent on prior federal criminal investigations into Drug Trafficking Organizations and other criminal activity. I have participated in the debriefing of defendants, witnesses, and informants, during which time I have discussed with them their criminal activity, to include drug trafficking, firearms possession, and avoiding law enforcement detection, among other

COMPLAINT/MISIPATI - 2
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  crimes and activities. I have also discussed with and learned from other law enforcement
2  investigators regarding these matters as well.
3     3.    The facts in this affidavit come from my personal observations, my training
4  and experience, and information obtained from other law enforcement officers and
5  witnesses. I have also read reports written by law enforcement officers regarding the
6  incident in this case. This affidavit is intended to show merely that there is sufficient
7  probable cause for the above charge and does not set forth all of my knowledge about this
8  matter.

## SUMMARY OF PROBABLE CAUSE

10    4.    On April 24, 2019, at approximately 8:39 a.m., King County Sheriff's
11 Deputy Dylan Fitzpatrick was on the Muckleshoot Indian Reservation at the Muckleshoot
12 Bingo Hall attempting to locate J.M., a person who was the subject of an outstanding
13 warrant. Deputy Fitzpatrick had located a vehicle parked in the Muckleshoot Bingo Hall
14 parking lot, a blue Dodge Charger bearing Washington state license plate ADH7016, that
15 was registered to J.M.
16    5.    The Muckleshoot Bingo Hall security staff told Deputy Fitzpatrick that
17 there were approximately 20 people in the Bingo Hall at that time. The Muckleshoot
18 Casino/Bingo surveillance team notified Deputy Fitzpatrick that a male and female had
19 exited the blue Dodge Charger and were still inside the Bingo Hall in Room #1.
20    6.    Deputy Fitzpatrick, assisted by Detective Eric Shuty, located and made
21 contact with the male and female, who had exited the blue Dodge Charger, inside the
22 Bingo Hall. The male closely matched the physical description of the warrant subject,
23 J.M. Deputy Fitzpatrick asked the male and female if the blue Dodge Charger in the
24 parking lot belonged to them and they both said "yes." The male refused to give his
25 name and told Deputy Fitzpatrick to contact his lawyer. The male was detained until the
26 deputy could determine whether he was the warrant subject or not. The male then told
27 the deputy that he would talk to them away from the Bingo Hall security officers.

COMPLAINT/MISIPATI - 3
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. Deputy Fitzpatrick and Detective Shuty escorted the male and female out of the Bingo Hall to Deputy Fitzpatrick's vehicle. Once outside, the female was told she was free to leave but she voluntarily remained with the male while Deputy Fitzpatrick and Detective Shuty investigated the identity of the male. The female identified herself as Alexandra Anderson. The male told Deputy Fitzpatrick that his name was LOREASA MISIPATI and that he was not the warrant subject who they were looking for, but that he had an outstanding Department of Corrections ("DOC") warrant. Detective Shuty confirmed that MISIPATI had several warrants, including a felony DOC warrant and confirmed MISIPATI's identity using a prior booking photograph. MISIPATI was placed under arrest on his DOC warrant.

8. During a post-arrest search of MISIPATI, Deputy Fitzpatrick located a 9mm round of live ammunition in MISIPATI's right jean pocket. MISIPATI was placed in the back seat of the patrol car, at which point MISIPATI asked Deputy Fitzpatrick if Anderson could be handcuffed and sit in the car with MISIPATI. Deputy Fitzpatrick knew from his training and experience that suspects will often asked to be placed into handcuffs to avoid looking like they are cooperating with law enforcement. Anderson agreed to be handcuffed and frisked. Anderson had a large red purse that she had been carrying during the entire contact with law enforcement. Deputy Fitzpatrick took Anderson's purse and placed it on the hood of his patrol vehicle, at which point the deputy noticed that the purse was oddly heavy. Anderson was frisked and placed into the back of the patrol car with MISIPATI.

9. While still at the Bingo Hall, Deputy Fitzpatrick and Detective Shuty were approached by Bingo Hall Security Officer Peter Laussen. Laussen advised that he had been asking MISIPATI his name for the purpose of trespassing MISIPATI from the property. During the conversation between Laussen and MISIPATI, which was in Samoan, MISIPATI told Laussen that there was a gun in the car and not to tell the police. Deputy Fitzpatrick walked to the Dodge Charger, which MISIPATI had already admitted to driving, and through the window, in plain view, observed a 9mm round of live

COMPLAINT/MISIPATI - 4
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

ammunition on the driver's seat and another 9mm round of live ammunition on the driver's side floorboard of the vehicle.

10. Deputy Fitzpatrick read MISIPATI and Anderson their *Miranda* rights off of his department issued *Miranda* Warning card. When asked if they understood their rights, both MISIPATI and Anderson verbally acknowledged by saying "yes." When asked if they would be willing to talk to Deputy Fitzpatrick, both MISIPATI and Anderson verbally acknowledge by saying "yes."

11. Deputy Fitzpatrick asked MISIPATI if there were any firearms in the vehicle. MISIPATI admitted that there were firearms in the vehicle, including one under the driver's seat, and some heroin in the trunk. Deputy Fitzpatrick asked Anderson if there were any narcotics or weapons in her purse. Anderson admitted that there were six grams of methamphetamine and two firearms in her purse. Anderson would not provide consent to search her purse. Deputy Fitzpatrick seized Anderson's purse for a possible search warrant at a later date.

12. Deputy Fitzpatrick asked MISIPATI if he would provide consent to search the Dodge Charger, and MISIPATI verbally provided his consent. Deputy Fitzpatrick read the Department's consent to search form to MISIPATI. MISIPATI again agreed to a consent search of the Dodge Charger, signed the consent to search form, and acknowledged that he understood what the form said. After obtaining verbal and written consent to search the vehicle, Deputy Fitzpatrick and Detective Shuty conducted a search of the Dodge Charger. During the vehicle search, MISIPATI was approximately 10 feet from the vehicle with a view of the on-going search, and was free to revoke or limit the search at any time. Anderson was taken out of the patrol car and uncuffed prior to the vehicle search. Anderson was again told that she was free to leave at any time, but that if she wanted to take the car, she would need to wait until the search was completed. Anderson stated she would wait for the search to be completed and asked to talk with MISIPATI while Deputy Fitzpatrick and Detective Shuty searched the vehicle, which was permitted.

COMPLAINT/MISIPATI - 5
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. Underneath the driver's seat of the vehicle, Detective Shuty located a loaded Sturm, Ruger & Co. .40 caliber pistol, model SR40, bearing serial number 342-57699, and an extended 9mm magazine. There were several loose rounds of live ammunition of various calibers located in both the driver's and passenger's area. In a backpack in the truck of the vehicle, Deputy Fitzpatrick located two more firearms, live ammunition, suspected methamphetamine, and suspected heroin. One of the firearms found in the backpack was a loaded Forjas Taurus S.A. .45 caliber pistol, model PT 945 Deluxe, bearing serial number NWA 26209. The other firearm found in the backpack was a Bryco Arms .22 caliber pistol, model J22, bearing serial number 644701. Detective Shuty took photographs of the evidence recovered from the vehicle prior to the evidence being seized.

14. After the search was completed, MISIPATI asked to speak with Deputy Fitzpatrick. MISIPATI told the deputy that the firearms were most likely stolen. MISIPATI stated he was taking responsibility for "whatever was found in Anderson's purse" because MISIPATI had asked her to hold it for him.

15. MISIPATI was transported to Enumclaw city jail where he was booked for his DOC warrant. The vehicle was released to Anderson. The evidence seized from the vehicle was transported to the King County Sheriff's Office Muckleshoot Substation where the suspected methamphetamine and heroin were weighed and field tested by Detective Shuty. The suspected methamphetamine weighed approximately 2.4 grams, without packaging, and a NARCO field test kit produced a presumptively positive result for methamphetamine. The suspected heroin weighed approximately 97.0 grams, without packaging, and a NIK field test kit produced a presumptively positive result for heroin.

16. A search of Anderson's purse revealed two additional .32 caliber pistols, an Autauga MK II pistol serial number A0159 and an Autauga MK II pistol serial number A1220.

17. Special Agent Claudia Grigore of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a recognized "interstate nexus" expert who has received

COMPLAINT/MISIPATI - 6
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

specialized training in identifying the manufacturers and/or importers of firearms and ammunition, has reviewed the make, model, caliber, and serial numbers of the above firearms located by Deputy Fitzpatrick and Detective Shuty in the blue Dodge Charger and Anderson's purse.  Based on her review, Special Agent Grigore has opined that all five firearms meet the definition of "firearm" under federal law and that each of the three firearms was manufactured outside the State of Washington.   Therefore, the above firearms necessarily had previously traveled in interstate or foreign commerce before being recovered in King County, Washington.

18. Finally, I have reviewed certified copies of court records showing that LOREASA JOSEPH MISIPATI has been convicted for the following crimes punishable by imprisonment for a term exceeding one year:

- Unlawful Possession of a Firearm First Degree, Superior Court of Washington for King County, cause number 15-1-05022-9 KNT, dated December 18, 2015;

- Attempting to Elude a Pursuing Police Vehicle, Superior Court of Washington for King County, cause number 15-1-05022-9 KNT, dated December 18, 2015;

- Unlawful Possession of a Firearm First Degree, Superior Court of Washington for King County, cause number 15-1-03715-0 KNT, dated December 18, 2015.

In each of these cases, MISIPATI was sentenced to terms of imprisonment exceeding one year.

//
//
//

COMPLAINT/MISIPATI - 7
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

19. Based on the foregoing, I respectfully submit that there is probable cause to believe that LOREASA JOSEPH MISIPATI, has committed the offense of: Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1).

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

SHAWNA McCANN, Complainant,
Special Agent
Federal Bureau of Investigation

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this __27th__ day of September, 2019.

BRIAN A. TSUCHIDA
United States Chief Magistrate Judge

COMPLAINT/MISIPATI - 8
USAO# 2019R00416

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970