_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JAN 16 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-00002RSL |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| LOREASA JOSEPH MISIPATI, | |
| Defendant. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Thomas Woods, Assistant United States Attorney for said District, Defendant LOREASA JOSEPH MISIPATI, and Defendant's attorney, Thomas Hillier, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information.

Plea Agreement - 1
*U.S. v. Misipati*

1            a.      Felon in Possession of a Firearm, as charged in Count 1, in violation

2  of Title 18, United States Code, Section 922(g).

3        By entering a plea of guilty, Defendant hereby waives all objections to the form of

4  the charging document.  Defendant further understands that before entering any guilty

5  plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

6  may be used by the United States in a prosecution for perjury or false statement.

7        3.      **Elements of the Offense**.  The elements of the offense to which Defendant

8  is pleading guilty are as follows:

9            a.      The elements of being a Felon in Possession of a Firearm, as charged

10  in Count 1, are as follows:

11            *First*, the defendant knowingly possessed a firearm;

12            *Second*, the ~~ammuni~~tion had been shipped or transported from one state to

13  another, or between a foreign nation and the United States; and

14            *Third*, at the time the defendant possessed the ~~ammuni~~tion, the defendant



15  knew that he had previously been convicted of a crime punishable by imprisonment for a

16  term exceeding one year.

17        4.      **The Penalties**.  Defendant understands that the statutory penalties

18  applicable to the offense to which Defendant is pleading guilty are as follows:

19            a.      For the offense of Felon in Possession of a Firearm, as charged in

20  Count 1:  A maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a

21  period of supervision following release from prison of up to three years, and a mandatory

22  special assessment of  $100 dollars.  If a probationary sentence is imposed, the probation

23  period can be for up to five (5) years.

24        Defendant understands that supervised release is a period of time following

25  imprisonment during which Defendant will be subject to certain restrictive conditions and

26  requirements.  Defendant further understands that, if supervised release is imposed and

27  Defendant violates one or more of the conditions or requirements, Defendant could be

28  returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*U.S. v. Misipati*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed.  This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5.      **Immigration Consequences.**   Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.      The right to plead not guilty and to persist in a plea of not guilty;
    b.      The right to a speedy and public trial before a jury of Defendant's peers;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.   The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.   The right to confront and cross-examine witnesses against Defendant at trial;

f.   The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.   The right to appeal a finding of guilt or any pretrial rulings.

7.   **United States Sentencing Guidelines.**  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.   The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

Plea Agreement - 4
*U.S. v. Misipati*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    b.  After consideration of the Sentencing Guidelines and the factors in

2 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

3 maximum term authorized by law;

4    c.  The Court is not bound by any recommendation regarding the

5 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

6 range offered by the parties or the United States Probation Department, or by any

7 stipulations or agreements between the parties in this Plea Agreement; and

8    d.  Defendant may not withdraw a guilty plea solely because of the

9 sentence imposed by the Court.

10  8.  **Ultimate Sentence**. Defendant acknowledges that no one has promised or

11 guaranteed what sentence the Court will impose.

12  9.  **Statement of Facts**. The parties agree on the following facts. Defendant

13 admits Defendant is guilty of the charged offense or offenses:

14    a.  On April 24, 2019, King County Sherriff's deputies contacted
LOREASA JOSEPH MISIPATI. Officers recovered a bullet from MISIPATI's pocket.

15 Officers then searched MISIPATI's car, and recovered the following firearms, which he

16 possessed: a loaded Sturm, Ruger & Co. .40 caliber pistol, model SR40, a loaded Forjas
Taurus S.A. .45 caliber pistol, model PT 945, and a Bryco Arms .22 caliber pistol, model

17 J22. Officers also located approximately 97 grams of heroin from the car, which

18 MISIPATI also possessed.

19    b.  Officers also searched a purse belonging to a woman who was with

20 MISIPATI. Officers recovered from the purse two .32 caliber Autauga MK II pistols.
MISIPATI possessed these firearms as well.

21

22    c.  All of the firearms described above were manufactured outside of
the State of Washington and therefore had traveled in interstate commerce.

23

24    d.  At the time LOREASA JOSEPH MISIPATI possessed the firearms
identified above, he knew he had been convicted of the following crimes: (1) Unlawful

25 Possession of a Firearm First Degree, Superior Court of Washington for King County,

26 cause number 15-1-05022-9 KNT, dated December 18, 2015; (2) Attempting to Elude a
Pursuing Police Vehicle, Superior Court of Washington for King County, cause number

27 15-1-05022-9 KNT, dated December 18, 2015; and (3) Unlawful Possession of a Firearm

28 First Degree, Superior Court of Washington for King County, cause number 15-1-03715-

1    0 KNT, dated December 18, 2015. As MISIPATI knew, he had been sentenced in excess

2    of a year for each of these crimes.

3        The parties agree that the Court may consider additional facts contained in the

4    Presentence Report (subject to standard objections by the parties) and/or that may be

5    presented by the United States or Defendant at the time of sentencing, and that the factual

6    statement contained herein is not intended to limit the facts that the parties may present to

7    the Court at the time of sentencing.

8        10.    **Sentencing Factors**. The parties agree that the following Sentencing

9    Guidelines provisions apply to this case:

10        a.      A base offense level of 14, pursuant to section 2K2.1(a)(6);

11        b.      A two-level increase because the defendant possessed between three and

12    seven firearms, pursuant to section 2K2.1(b)(1)(A);

13        c.      A four-level increase because the defendant possessed a firearm in

14    connection with a felony, pursuant to section 2K2.1(b)(6).

15        The parties agree they are free to present arguments regarding the applicability of

16    all other provisions of the United States Sentencing Guidelines. Defendant understands,

17    however, that at the time of sentencing, the Court is free to reject these stipulated

18    adjustments, and is further free to apply additional downward or upward adjustments in

19    determining Defendant's Sentencing Guidelines range.

20        11.    **Acceptance of Responsibility.** At sentencing, *if* the Court concludes

21    Defendant qualifies for a downward adjustment acceptance for acceptance of

22    responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

23    greater, the United States will make the motion necessary to permit the Court to decrease

24    the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because

25    Defendant has assisted the United States by timely notifying the United States of

26    Defendant's intention to plead guilty, thereby permitting the United States to avoid

27    preparing for trial and permitting the Court to allocate its resources efficiently.

28

Plea Agreement - 6
*U.S. v. Misipati*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.    **Recommendation Regarding Imprisonment**.  At sentencing, the government will recommend a sentence of thirty-six months to run concurrent to the state sentence he was serving at the time he first appeared in this matter.  Defendant is free to recommend any term.  Defendant understands that the parties' recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.  Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.  Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 7
*U.S. v. Misipati*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

2  (1997).

3       15.   **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

4  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

5  Agreement and Defendant may be prosecuted for all offenses for which the United States

6  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

7  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

8  Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

9  Defendant has waived any objection to the re-institution of any charges that previously

10 were dismissed or any additional charges that had not been prosecuted.

11      Defendant further understands that if, after the date of this Agreement, Defendant

12 should engage in illegal conduct, or conduct that violates any conditions of release or the

13 conditions of confinement (examples of which include, but are not limited to, obstruction

14 of justice, failure to appear for a court proceeding, criminal conduct while pending

15 sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

16 Probation Officer, or Court), the United States is free under this Plea Agreement to file

17 additional charges against Defendant or to seek a sentence that takes such conduct into

18 consideration by requesting the Court to apply additional adjustments or enhancements in

19 its Sentencing Guidelines calculations in order to increase the applicable advisory

20 Guidelines range, and/or by seeking an upward departure or variance from the calculated

21 advisory Guidelines range.  Under these circumstances, the United States is free to seek

22 such adjustments, enhancements, departures, and/or variances even if otherwise

23 precluded by the terms of the Plea Agreement.

24      16.   **Waiver of Appellate Rights and Rights to Collateral Attacks.**

25 Defendant acknowledges that, by entering the guilty plea required by this plea agreement,

26 Defendant waives all rights to appeal from Defendant's conviction and any pretrial

27 rulings of the Court.  Defendant further agrees that, provided the Court imposes a

28 custodial sentence that is within or below the Sentencing Guidelines range (or the

Plea Agreement - 8
*U.S. v. Misipati*

1 | statutory mandatory minimum, if greater than the Guidelines range) as determined by the
2 | Court at the time of sentencing, Defendant waives to the full extent of the law:
3 |        a.    Any right conferred by Title 18, United States Code, Section 3742,
4 | to challenge, on direct appeal, the sentence imposed by the Court, including any fine,
5 | restitution order, probation or supervised release conditions, or forfeiture order (if
6 | applicable); and
7 |        b.    Any right to bring a collateral attack against the conviction and
8 | sentence, including any restitution order imposed, except as it may relate to the
9 | effectiveness of legal representation; and
10 |     This waiver does not preclude Defendant from bringing an appropriate motion
11 | pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or
12 | the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.
13 |     If Defendant breaches this Plea Agreement at any time by appealing or collaterally
14 | attacking (except as to effectiveness of legal representation) the conviction or sentence in
15 | any way, the United States may prosecute Defendant for any counts, including those with
16 | mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea
17 | Agreement.
18 |     17.    **Voluntariness of Plea.**  Defendant agrees that Defendant has entered into
19 | this Plea Agreement freely and voluntarily and that no threats or promises, other than the
20 | promises contained in this Plea Agreement, were made to induce Defendant to enter a
21 | plea of guilty.
22 |     18.    **Statute of Limitations.**  In the event this Plea Agreement is not accepted
23 | by the Court for any reason, or Defendant breaches any of the terms of this Plea
24 | Agreement, the statute of limitations shall be deemed to have been tolled from the date of
25 | the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the
26 | Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach
27 | of the Plea Agreement by Defendant is discovered by the United States Attorney's
28 | Office.

Plea Agreement - 9
*U.S. v. Misipati*

1      19.   **Completeness of Agreement**.  The United States and Defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties,

3 except as may be set forth on the record at the change of plea hearing in this matter.  This

4 Agreement binds only the United States Attorney's Office for the Western District of

5 Washington.  It does not bind any other United States Attorney's Office or any other

6 office or agency of the United States, or any state or local prosecutor.

7      Dated this 16th day of  January, 2020.

8

9

10 LOREASA JOSEPH MISIPATI
   Defendant

11

12

13 THOMAS HILLIER
   Attorney for Defendant

14

15

16 TODD GREENBERG
   Assistant United States Attorney

17

18

19

20 THOMAS M. WOODS
   Assistant United States Attorney

21

22

23

24

25

26

27

28

Plea Agreement - 10
*U.S. v. Misipati*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970