The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOREASA JOSEPH MISIPATI,<br><br>Defendant. | NO. CR20-00002RSL<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Thomas Woods, Assistant United States Attorney for said District, respectfully submits this sentencing memorandum.

### SENTENCING RECOMMENDATION

The government respectfully recommends that the Court sentence Misipati to 10 months of imprisonment and three years of supervised release, subject to the terms recommended by Probation. Misipati does not appear to have the ability to pay a fine, and thus none should be imposed.

//
//

Government's Sentencing Memorandum - 1
*U.S. v. Misipati; CR20-0002RSL*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## BACKGROUND

On April 24, 2019, at approximately 8:39 a.m., a King County Sheriff's Deputy was on the Muckleshoot Indian Reservation at the Muckleshoot Bingo Hall attempting to locate J.M., a person who was the subject of an outstanding warrant. Compl. ¶ 4. The officer located a car registered to J.M. in the Bingo Hall parking lot. *Id.*

Two officers approached a man at the Bingo Hall who resembled J.M. *Id.* ¶ 6. The man, who was with a woman, refused to give his name. *Id.* The man was detained, and later identified as Misipati. *Id.* Officers located a bullet in Misipati's pocket. *Id.* ¶ 7. Officers obtained consent to search Misipati's car. *Id.* ¶ 12. Officers located underneath the driver's seat a firearm with an extended magazine. Plea Agreement ¶ 9(a). Officers located two additional firearms and 97 grams of heroin from the car, which Misipati also possessed. *Id.* Finally, officers recovered two additional firearms from the woman's purse, which Misipati admitted possessing. *Id.* ¶ 9(b).

Misipati was taken into state custody, and sentenced to unrelated Department of Corrections violations. His state sentence is scheduled to end on September 24, 2021.

After the case was charged federally, and Misipati made his appearance, the government learned that the two main responding officers had been terminated for serious misconduct unrelated to this case. The government promptly disclosed this material to the defense.

## PLEA AGREEMENT

On January 16, 2020, Misipati pleaded guilty to being a felon in possession of a firearm. The government agreed in the plea agreement to cap its recommendation at 36 months, to run concurrent to his state sentence. Plea Agreement ¶ 12. The plea agreement contains a waiver of appeal. *Id.* ¶ 16.

//
//

Government's Sentencing Memorandum - 2
U.S. v. Misipati; CR20-0002RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SENTENCING GUIDELINES

There is no dispute as to the Sentencing Guidelines. The Guidelines score as follows:

| | |
|---|---|
| Base | 14 (2K2.1) |
| 3-7 Firearms | +2 (2K2.1(b)(1)(A)) |
| Possession in Connection with Felony | +4 (2K2.1(b)(6)(B)) |
| Acceptance | -3 |

Total: 17

Misipati has twelve criminal history points, and thus is Category V, yielding a range of 46-57 months.

## TIME SERVED CREDIT

Misipati was arrested in this matter on April 14, 2019. He came into federal custody on October 25, 2019. Misipati, however, has not been earning any credit for the time spent in federal custody because that time is being credited against his state sentence. 18 U.S.C. § 3585(b); *see also generally* Henry J. Sadowski, *Grid & Bear It, Champion, November 2007, at 48, 49*. Moreover, although the Court can order that Misipati's federal sentence run concurrent to his state sentence, the Court can only do so from the date of the federal judgement going forward. *See generally Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) ("A federal sentence cannot commence until a prisoner is sentenced in federal district court."). Put another way, the Court cannot "backdate" the federal sentence to have it start running earlier than the date of the federal sentencing. *See generally id.* Thus, if the Court were to impose a sentence, for example, of 36 months to run concurrent to his state sentence, he would not get any credit on his federal sentence for any time spent in custody prior to the date of his federal sentencing. Accordingly, if the Court were to want to give Misipati credit for the time he has spent in custody, the Court will need to "back out" this time by giving a lower sentence than it otherwise would have given.

Government's Sentencing Memorandum - 3
*U.S. v. Misipati; CR20-0002RSL*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**SENTENCING RECOMMENDATION**

The government originally planned to recommend a sentence of 36 months, as reflected in the plea agreement. Assuming sentencing occurs on October 2, 2020, Misipati will have spent 527 days in custody, or approximately 17 months. Thus, assuming the Court had been prepared to sentence Misipati to 36 months, but give him credit for time served, the Court would have imposed a sentence of 19 months. Misipati is slated to be in state custody until September 24, 2021. Thus, Misipati faced the real prospect of finishing his state sentence, only to have to return to federal custody for a short time period to complete his federal sentence.[1] In light of the ongoing pandemic, and the fact that Misipati has specific health conditions that put him at risk for developing complications with COVID-19, the government is recommending a sentence of 10 months. Under this approach, Misipati's federal sentence will expire at the same time as his state sentence, and thus he will begin federal supervision at the time of his state release.

The government is mindful that Misipati is a serious offender, and the reasons underlying the government's recommendation are unique to this case. If Misipati were to re-offend, particularly with a firearm, the government will be taking a much hasher approach. Hopefully, however, with the benefit of federal supervision, Misipati will change his ways, and turn the corner.

//
//

---

[1] The period in federal custody would be shorter than it appears because he would have earned good time credit, and the BOP likely would have designated him to serve a portion of his sentence at a halfway house.

Government's Sentencing Memorandum - 4
U.S. v. Misipati; CR20-0002RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **CONCLUSION**

For the foregoing reasons, the Court should sentence Misipati to 10 months of imprisonment and 3 years of supervised release.

DATED this 3rd date of September 2020.

                                            Respectfully submitted,

                                            BRIAN T. MORAN
                                            United States Attorney

                                            s/ *Thomas M. Woods*
                                            THOMAS M. WOODS
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            7000 Stewart Street, Suite 5200
                                            Seattle, WA, 98101
                                            Telephone: (206) 553 7970

Government's Sentencing Memorandum - 5
U.S. v. Misipati; CR20-0002RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970